```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPHINE L. CAGE,
                        Plaintiff,                    08-CV-6364T

               v.                                     DECISION
                                                      and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Josephine L. Cage("Plaintiff")brings this action pursuant to section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final determination of the Commissioner of Social Security (the "Commissioner"), denying her application for Supplemental Security Income ("SSI") benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") John P. Costello denying her application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was not supported by substantial evidence and was based upon legal error. For the reasons set forth below, the Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable law. I

therefore grant the Commissioner's motion for judgment on the pleadings, and deny plaintiff's cross-motion for judgement on the pleadings.

## BACKGROUND

On May 12, 2004, Plaintiff, who was 43 years old at the time, protectively filed an application for SSI benefits. Plaintiff claimed that she had become disabled on November 3, 2003, due to mental health disorders and syncope. Tr.[1] 59. Plaintiff's initial application was denied on January 14, 2005, and she filed a timely request for a hearing. Tr. 39-44. An administrative hearing was held on May 30, 2007, which Plaintiff and her attorney, Mark Palmiere, attended. Tr. 483. In a decision dated August 7, 2007, ALJ Costello found that, although Plaintiff was disabled, her drug and alcohol abuse were contributing factors material to his determination of her disability and that, absent her drug and alcohol abuse, Plaintiff was not disabled. Tr. 17-28. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on June 10, 2008. Tr. 6-8. This action followed.

## DISCUSSION

**I. Jurisdiction and Scope of Review**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the

---

[1] Citations to "Tr." refer to the Transcript of the Administrative Proceedings.

denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

For a claimant engaged in drug or alcohol use, the Social Security Act precludes payment of benefits if alcoholism or drug addiction would be a contributing factor material to a determination of disability, 42 U.S.C. § 423(d)(2)(c), with

"material" defined in the regulations as whether or not the claimant would be found disabled if he were to stop using alcohol or drugs, 20 C.F.R. § 404.1535(b)(1). The Commissioner makes a separate determination to see if the physical or mental limitations would remain if claimant stopped using drugs and then determine if any of the remaining limitations would be disabling. Id. § 404.1535(b)(2).

Both Plaintiff and the Commissioner move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

**II. The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence in the record and is proper as a matter of law.**

The record reveals that the ALJ properly followed the Social Security Administration's five-step evaluation analysis in finding that Plaintiff was not disabled within the meaning of the Social

Security Act. See 20 C.F.R. § 404.1520.[2] The ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since May 12, 2004; (2) Plaintiff has a "severe" impairments, polysubstance disorder, personality disorder, schizoaffective disorder, and syncope; (3) Plaintiff's impairments, including the substance abuse disorders, meet sections 12.04, 12.08, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d)); (4) Plaintiff's substance abuse is a contributing factor material to her disability; and (5) if Plaintiff stopped her substance abuse she would be able to perform past relevant work which was light work in a low stress environment. Tr. 22-27.

Plaintiff raises four main objections to the ALJ's determination. First, Plaintiff argues that the ALJ selectively used the record and ignored evidence of Plaintiff's disability. (Pl. Memorandum of Law ("Pl. Mem."), 20-21). Second, Plaintiff contends that the ALJ improperly substituted his own opinion in determining that Plaintiff's substance/alcohol abuse was a contributing factor material in her disability. Id. at 22-23. Plaintiff's third argument, similar to her first contention, asserts that the ALJ did not evaluate the record as a whole, but instead was "simply hunting out elements against disability." Id.

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

at 23(citing <u>Loren v. Astrue</u>, 553 F.Supp.2d 281, 285 (W.D.N.Y. 2008). Lastly, Plaintiff alleges that the ALJ failed to consider the effects of her other impairments. <u>Id.</u> at 24-25.

### A. **The ALJ's decision is supported by substantial evidence in the record.**

Plaintiff argues that the ALJ selectively used only portions of the record in making his determination that she was not disabled and ignored her doctors' statements that she was disabled. Pl. Mem., 20-21, 23. Plaintiff's argument mainly focuses on the ALJ's statement that there was no medical evidence in the record that Plaintiff was disabled. I find, upon reviewing the record as a whole, that the ALJ's determination was correct and is supported by substantial evidence.

The record supports the ALJ's conclusion that there is no opinion in the record that supports Cage's claim of disability. Cage's attorney references her visit to Dr. Sahar on June 1, 2004 as evidence of being found disabled. <u>See</u> Plaintiff's Memorandum at 21. However, the record reveals that Dr. Sahar did not conclude that she was permanently disabled, and that he would not make a permanent diagnosis until more tests were completed. Tr. 153. Cage's reliance upon a psychiatric assessment from her therapist as evidence of her disability is misplaced. This assessment only states that Cage's current employment status is "not in the labor force - disabled" and it is not her medical opinion. Tr. 272.

There is no evidence in the record that supports a finding that the Plaintiff's psychiatric impairments are alone disabling.

Furthermore, the ALJ's finding that Cage, but for her substance abuse problem, could perform light work in a low stress environment with limited public interaction did accurately take into account her mental impairments as well. The record reveals that the ALJ's decision was further supported by the vocational expert who testified that even with Cage's mental limitations, she could still perform work available in the national economy. Tr. 509-513.

> **B.** **The ALJ properly determined that Plaintiff's substance abuse was a contributing factor material to her disability.**

Plaintiff argues that the ALJ's determination that her substance abuse was a contributing factor material to her disability was based solely on his own opinion and is not supported by medical evidence in the record. Pl. Mem., 21-22. It is also Plaintiff's contention that her substance abuse is a result of her mental disability. Id. at 22.

The Commissioner's regulations provide how to determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability. See 20 C.F.R. § 416.935. The regulation's required analysis follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.

>      (1) The key factor we will examine in determining whether
> drug addiction or alcoholism is a contributing factor
> material to the determination of disability is whether we
> would still find you disabled if you stopped using drugs
> or alcohol.
>
>      (2) In making this determination, we will evaluate which
> of your current physical and mental limitations, upon
> which we based our current disability determination,
> would remain if you stopped using drugs or alcohol and
> then determine whether any or all of your remaining
> limitations would be disabling.
>
>      (i) If we determine that your remaining limitations would
> not be disabling, we will find that your drug addiction
> or alcoholism is a contributing factor material to the
> determination of disability.
>
>      (ii) If we determine that your remaining limitations are
> disabling, you are disabled independent of your drug
> addiction or alcoholism and we will find that your drug
> addiction or alcoholism is not a contributing factor
> material to the determination of disability.

20 C.F.R. § 416.935. In addition, if the record shows substance abuse, "it is the claimant's burden [to] prove that substance abuse is not a contributing factor material to the disability determination." Badgley v. Astrue, 2009 WL 899432, at *4 (W.D.N.Y. March 27, 2009).

Here, the ALJ found that Plaintiff's polysubstance abuse, syncope, and personality disorders were severe and that Plaintiff would be disabled. Tr. 22. Next, the ALJ determined whether Plaintiff would still be disabled absent her drug and alcohol abuse. Id. The ALJ relied upon the Plaintiff's own statements that she only felt suicidal when she was intoxicated in determining that her drug and alcohol abuse were material factors in making his determination concerning her disability. 0Tr. 407. Plaintiff

further admitted that she began drinking after she stopped working in 2003 and her alcohol use only increased since that point. Tr. 244, 395-96. Plaintiff's addiction therapist also noted that her emotional and medical issues were made worse by her continued substance abuse. Tr. 246. Furthermore, the record reveals that Plaintiff's doctors advised her on multiple occasions to cease drinking and to attend substance abuse rehabilitation. Tr. 139, 463, 465, 480, 493. Also, Dr. Sahar, her treating physician, told Plaintiff to stop drinking. Tr. 139. He also instructed her to attend AA meetings. She was also advised by doctors at St. Mary's Hospital to participate in substance abuse rehabilitation. Tr. 364, 465. The record also reveals that the Plaintiff enrolled in an in-patient treatment center for her drug and alcohol use. Tr. 493. There is substantial evidence in the record that supports the ALJ's determination that Plaintiff's substance abuse was a key factor contributing to her disability.

Plaintiff has the burden of proving that absent her drug and alcohol abuse, she would still be disabled. See Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999). Plaintiff provides no support for her claim that her substance abuse is caused by her bipolar disorder.

I, therefore, find that the Plaintiff failed to satisfy her burden of establishing that alcohol and/or substance abuse is not a contributing factor material to her disability determination, and the ALJ's decision is supported by substantial evidence.

### C. **The ALJ properly considered the effects of Plaintiff's other impairments.**

Plaintiff alleges that the ALJ failed to consider or credit the effects of Plaintiff's other impairments: syncopal blackouts, memory loss, anxiety, and chest pain. Pl. Mem. at 24-25. However, the ALJ's decision states:

> If the claimant stopped the substance abuse, I find that the claimant's other medically determinable impairments could reasonable be expected to produce he alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effect of these symptoms are not entirely credible." Tr. 26.

The ALJ properly considered Plaintiff's other medically determinable impairments and correctly discounted the effect of the symptoms produced by the impairments based on a finding that Plaintiff's testimony was not "entirely credible." Tr. 25-26.

When an ALJ rejects a claimant's subjective complaints, the ALJ must do so with "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Brandon v. Bowen, 666 F.Supp. 604, 608 (S.D.N.Y.1987); see SSR 96-7p. Furthermore, "the court must uphold the ALJ's decision to discount a claimant's subjective complaints" when the ALJ's decision is supported by substantial evidence in the record. See Aponte v. Sec'y of Dept. of Health & Human Servs., 728 F.2d 588, 591 (2d Cir.1984). The ALJ's credibility assessment "must be based on a two step analysis of pertinent evidence in the record." Borush v. Astrue, 2008 W.L. 4186510 *12 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1529, 416.929).

First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms" that are alleged by the claimant. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. See 20 C.F.R. § 404.1529(c), SSR 96-7p. If objective medical evidence does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ's determination that drug and alcohol use by the Plaintiff Cage are contributing factors material to her disability is supported by substantial medical evidence in the record and a well-documented history of her drug and alcohol abuse.

Cage admitted that she only wanted to commit suicide when under the influence of drugs and alcohol. Tr. 395. On at least two occasions, Cage also tried to commit suicide by overdosing on crack cocaine and prescription medications. Tr. 403, 476. Additional evidence of her abuse of prescription medicine was documented by her treating physician, Dr. Sahar, who attributed her blackouts to "excess medications" as Cage exhibited no cardiac complications that would cause blackouts. Tr. 148, 204-206. Dr. Sahar also noted that Cage should only use prescription pain medicine as directed, and her failure to do so may result in her no longer receiving these types of medication. Tr. 140. Lastly, the record clearly reveals that Cage was routinely dishonest about her drug and alcohol usage and refused to seek treatment for these problems. Tr. 139, 244, 287, 489. Thus, there is substantial evidence in the record that Cage's drug/alcohol abuse is a contributing factor material to her being disabled.

Accordingly, the ALJ's determination that although the Plaintiff is under a disability, that a substance use disorder is a contributing factor material to the determination of disability, and that the claimant is not disabled under the Social Security Act at any time from the date of the filing of her application through the date of the ALJ's decision, August 7, 2007.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for

judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
       October 5, 2009